AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   13-MJ-1159-RBC
ONE FEDEX PARCEL BEARING TRACKING LABEL NUMBER 8030 )
3562 8851, ADDRESSED TO LYNDEN JAGGON, 5300 WASHINGTON )
ST APT 67, WEST ROXBURY, MA 02132, WITH A RETURN ADDRESS )
OF MICHAEL JAGGON, 430 HYDE ST, SF, CA 94109. )
(SUBJECT PARCEL #3)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SUBJECT PARCEL #3

located in the _____ District of _____ Massachusetts _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1); 846. | Distribution of and possession with intent to distribute controlled substances and conspiracy to do so |

The application is based on these facts:
See Attached Affidavit of Special Agent Richard Atwood.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Richard Atwood, Special Agent DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ~~09/05/2013~~   SEP - 6 2013    _____
*Judge's signature*

City and state: Boston, MA    HON. ROBERT B. COLLINGS
~~UNITED STATES MAGISTRATE JUDGE~~ Robert B. Collings, United States Magistrate Judge
*Printed name and title*

United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

## ATTACHMENT A

(Items to be searched for and seized)

Items, documents, records, files, and other information that constitutes evidence, fruits, and/or other instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, including but not limited to narcotics, money, records relating to narcotics and/or money, and/or records relating to the identity of the individual who shipped the package or the intended recipient of the package.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF | ) | MJ No. |
| THE UNITED STATES OF AMERICA FOR | ) | 13-mj-1159-RBC |
| SEARCH WARRANT FOR FEDEX PARCELS | ) | |
| #1, #2, and #3. | ) | |
| | ) | FILED UNDER SEAL |

## AFFIDAVIT OF SPECIAL AGENT RICHARD ATWOOD

I, Special Agent Richard Atwood, being duly sworn, depose and state as follows:

### I.   INTRODUCTION

#### A.   Agent Background

1.   I have been employed as a Special Agent (SA) with the Department of

Homeland Security (DHS), Homeland Security Investigations (HSI), for four

years.  I have received training by HSI in the investigation of smuggled

goods and/or contraband over interstate and international lines.  I am

currently assigned to the HSI SAC Boston Field Office, specifically to the

Airport/Seaport Group, which is responsible for investigating violations

1

involving contraband being imported and exported into and out of the United

States.  Prior to becoming a Special Agent with HSI, I was employed as a

U.S Postal Inspector, working for the United States Postal Inspection Service

("USPIS") for approximately six years.  I received training by the U. S.

Postal Inspection Service in the investigation of contraband, including stolen

goods, narcotics, and counterfeit documents being transported through the

United States mails.  Prior to becoming a United States Postal Inspector, I

was a Police Officer with the Phoenix Police Department for approximately

four years, and a Manchester, New Hampshire Police Officer for

approximately eight months.  I received a Bachelor of Arts Degree in History

from Framingham State College.

2.       I have written and/or participated in the execution of numerous search

warrants resulting in the seizure of large quantities of controlled substances

and paraphernalia involved in the manufacture and distribution of controlled

substances, United States currency, records of narcotics and monetary

2

transactions, drug customer lists and other documents relating to the

manufacturing, transportation, ordering, purchasing and distribution of

controlled substances, as well as the collection, expenditure, accounting,

transportation, and laundering of drug proceeds. I have participated in the

debriefing of numerous defendants, informants, and witnesses who had

personal knowledge regarding large-scale narcotics trafficking organizations.

I have participated in all aspects of drug investigations including conducting

surveillance, executing searches pursuant to court-ordered search warrants,

executing arrests. I have received extensive specialized training in the field

of controlled substance identification, investigation, and enforcement.

3.    This affidavit is made in support of an application for search warrants for

FedEx Parcels (the "SUBJECT PARCELS") bearing tracking label numbers

8030 3562 8851 (SUBJECT PARCEL #1), 8030 3562 8840 (SUBJECT

PARCEL #2), and 8030 3562 8770 (SUBJECT PARCEL #3),  more fully

described herein. The SUBJECT PARCELS are currently in the possession

3

of law enforcement agents at the Massachusetts State Police Barracks at

Logan Airport in Boston, MA.

4.      For the reasons set forth in this affidavit, I submit that probable cause exists

to believe that the SUBJECT PARCELS contain evidence of the following

offenses:  (a) possession with intent to distribute and distribution of

controlled substances, in violation of 21 U.S.C. § 841(a)(1); and (b)

conspiracy to do the same, in violation of 21 U.S.C. § 846, as well as

contraband and property used in committing these crimes.

5.      This affidavit does not contain each and every fact I know about this

investigation.  This affidavit only sets forth sufficient facts to demonstrate

probable cause for a search warrant.

B.      General Background Concerning The Shipment Of Drugs And Drug Sale
        Proceeds Through The U.S. Mails and Parcel Services

6.      I know from my training and experience and from drug trafficking intelligence

information gathered by the USPIS and fellow law enforcement that Parcel

Express Services are frequently utilized by drug traffickers for shipping drugs

4

and drug proceeds. Use of FedEx, Express Mail and Priority Mail are

favored because of the speed, reliability, free telephone and Internet

package tracking service, as well as the perceived minimal chance of

detection. FedEx Express Mail was originally intended for urgent, business-

to-business, correspondence. However, based on USPIS intelligence, other

law enforcement officials and my personal experience with numerous prior

packages that were found to contain contraband, these types of packages

containing contraband are usually sent from an individual to an individual.

7.    In an effort to combat the flow of controlled substances through the U. S.

mails, interdiction programs have been established in cities throughout the

United States by the fellow law enforcement. These cities have been

identified as known sources of controlled substances. The USPIS and fellow

law enforcement officials conducted an analysis of prior packages which

were found to contain drugs and drug proceeds. The analysis of prior

packages that were found to contain drugs or drug proceeds indicated that

5

these packages are usually from an individual to an individual.  In the few

cases when Express Mail packages containing drugs or drug proceeds have

displayed a business or company name, it has usually proven to be a

fictitious business or company.  Additionally, this analysis has established a

series of package characteristics which, when a package is found with a

combination of two or more characteristics described below, have shown

high probability that the package will contain a controlled substance or the

proceeds of controlled substance sales.  These characteristics include the

following: (1) package is mailed from or addressed to a narcotic source city;

(2) package has a fictitious return/sender address or name; (3) package

has address information which is handwritten; (4) the handwritten label on

the FedEx Label article does not contain a business account number,

thereby indicating that the sender paid cash; (5) package is addressed from

an individual to an individual and (6) package is heavily taped.

6

## II. DESCRIPTION OF THE PARCELS

8.          On August 19, 2013, the SUBJECT PARCELS, were observed in the

mail stream at the Mailbox 4 U shipping center, located at 1230 Market

Street, San Francisco, California. The SUBJECT PARCELS' tracking labels

indicate that these parcels were mailed on August 19, 2013, from San

Francisco, California.  Based on my training and experience in narcotic

related investigations, I know that California is a drug source state.  The

packages all contained hand-written labels and were addressed from an

individual to an individual.  Finally, the packages were heavily taped on all

the creases, which I know based on my training and experience in narcotic

related investigations, is a commonly used technique to try and overt K-9

detection from the odors of controlled substances.  The three SUBJECT

PARCELS were each addressed to "Lynden JAGGON 5300 Washington St

APT 67 West Roxbury MA 02132," with a return address of "Michael

JAGGON 430 Hyde St SF CA 94109." All three SUBJECT PARCELS were

7

approximately 17 inches long, 17 inches wide, and 7 inches deep, weighing

approximately 9-10 pounds.  SUBJECT PARCEL #1 bore FedEx tracking

label number 8030 3562 8851; SUBJECT PARCEL #2 bore FedEx

tracking label number 8030 3562 8840; SUBJECT PARCEL #3 bore

FedEx tracking label number 8030 3562 8770.   The SUBJECT PARCELS

are all presently in the custody of law enforcement agents in Boston.

Photos of the address labels of the SUBJECTS PARCELS are attached as

Exhibit 1.

### III. THE CURRENT INVESTIGATION

9.      As further explained below, the SUBJECT PARCELS were sent by Michael

("GORDON,") who has been the subject of an ongoing criminal investigation

since August 2011.  In August of 2011, GORDON was stopped by

Transportation and Security Administration (TSA) officials when he attempted

to pass through a security checkpoint at Boston Logan's International Airport

with approximately $60,000 in cash in his carry-on bag.  A criminal history

8

query revealed that GORDON had an extensive criminal history for

narcotics-related offenses, including an arrest in May 2011 in California for

attempting to purchase 250 pounds of marijuana. During the course of the

investigation, agents have learned that GORDON has flown to California and

Nevada every few weeks since June 2012, and stayed for only a few days.

Based on his observed activities, I believe GORDON obtained large

quantities of marijuana that he then shipped to the Boston area. During

surveillance during two of these trips, agents observed GORDON rent

vehicles from National Car Rental, then proceed to conduct "burn runs",

which is a counter-surveillance technique often employed by narcotics

traffickers to spot and/or shake law enforcement surveillance.

10.   In March 2013, GORDON flew from Boston to the San Francisco Bay Area.

On March 15, 2013, investigating agents obtained a global positioning

system (GPS) tracking warrant from the Northern District of California for

GORDON's rental vehicle with National Rental Car. GORDON took

9

possession of the rental care when he arrived in Oakland, California, on

March 16, 2013. The GPS tracker log showed GORDON's vehicle arrived

at 1833 Road B in Redwood Valley, California at approximately 3 pm that

day. Previous investigative efforts revealed that 1833 Road B, Redwood

Valley is the residence of Dagoberto OLEA. Additional aerial surveillance

efforts at 1833 Road B, made by the Mendocino County Sheriff's Office in

the summer of 2012, revealed marijuana plants being cultivated on the

property. On March 18, 2013, GORDON drove from the OLEA's property to

San Francisco, where he was observed driving to a FedEx mailing facility,

known as Mailbox 4U, from which he mailed several packages. On March

22, 2013, a search warrant was obtained for one of the parcels GORDON

mailed that day, which was destined for delivery to 99 Florence Street,

Malden, MA. On March 25, 2013, the search warrant was executed. The

Parcel (which was 22 inches long, 15 inches wide, and 15 inches deep)

contained a white ten gallon bucket heavily duct taped around the lid that

10

contained a green leafy substance believed to be marijuana. The green

leafy substance was field tested and tested positive for marijuana. The

bucket and marijuana collectively weighed 19.5 pounds.

11.     GORDON made additional trips to Northern California in February 2013 and

December 2012, and agents obtained GPS tracker warrants for his rental

vehicles. On each trip, agents observed GORDON shipping parcels either

via FedEX or U.S Express Mail to various addresses in Massachusetts. On

each occasion, agents intercepted the Parcels, obtained warrants, and seized

buckets containing green leafy substances believed to be marijuana. The

green leafy substances were all field tested and tested positive for

marijuana.

12.     On August 14, 2013, I learned that GORDON would be flying on August 16,

2013, on a one way ticket aboard JetBlue Airlines out of Boston,

Massachusetts to Oakland, California. GORDON's ticket was purchased on

August 13, 2013. In anticipation of the trip, on August 16, 2013, HSI

11

applied for and received court ordered GPS tracker warrants from the

Northern District of California District Court, but the efforts to install a court

authorized GPS tracker were unsuccessful so GORDON's movements in CA

during this visit were not subject to electronic surveillance.  Agents did verify

that GORDON arrived in Oakland, California on August 16, 2013, and picked

up the rental vehicle, a gray Mazda SUV, California registration 6ZSA346.

13.     On August 18, 2013, the Mendocino County Sheriff's Office conducted a

drive by the residence of Dagoberto and Rafael OLEA, located at 1833

Road B, Redwood Valley, California (an area known to law enforcement to

be a source location for domestically grown marijuana) and found

GORDON's rental vehicle parked on the property.

14.     GORDON had a return flight out of Oakland International Airport on August

19, 2013 at approximately 1:50 pm.  On August 19, 2013, at approximately

8:00 am, agents conducted surveillance at the Mailbox 4U shipping facility,

which has been previously used by GORDON.  Agents found GORDON's

12

rental vehicle parked nearby. At approximately 9:20 am, agents observed

GORDON and unknown Hispanic male carrying six garbage bags containing

box shaped items into the Mailbox 4U. After GORDON left the area, agents

confirmed with the owner of Mailbox 4 U that GORDON shipped the

SUBJECT PARCELS.

15.   On August 20, 2013, with the assistance of FedEx Corporate Security and

the Massachusetts State Police, the SUBJECT PARCELS were found at the

FedEx Distribution Center, located in Needham, Massachusetts. FedEx

Corporate Security confirmed that the parcels were shipped from San

Francisco on August 19, 2013.

## A.   Address Information

16.   Regarding the sender information, I verified that "430 Hyde St SF CA

94109" is a legitimate address; however the name "Michael JAGGON" is

non-existent at that address. Based on the USPIS and law enforcement

analysis described above and my own experience, I know that narcotics

13

traffickers often use fictitious sender names along with existing return

addresses on parcels containing controlled substances or proceeds from the

sale of controlled substances. The existing address lends a legitimate

appearance to the parcel. In the event the parcel is intercepted by law

enforcement, the false sender name protects the true identity of the mailer.

Regarding the addressee information, I verified that the address, "5300

Washington St APT 67 West Roxbury MA 02132" is a legitimate address. I

also verified that "Lynden JAGGON" receives mail at that address and is the

father of GORDON's girlfriend, Andrea JAGGON.

## B.    Canine Response

17.    On August 20, 2013, Massachusetts State Trooper Patrick Silva, of the

Massachusetts State Police K-9 Unit, was contacted in regards to a narcotic

examination with his narcotic trained K-9 Charbo. K-9 Charbo is a certified

dual purpose detection canine with the International Police Dog Association

and the New England State Police Administrative Conference. K-9 Charbo

14

is certified in the detection of marijuana, heroin, and cocaine, as well as

tracking individuals and building searches.  K-9 Charbo has previously been

reliable in the detection of narcotics and has been responsible for numerous

narcotic seizures.  Trooper Silva advised that K-9 Charbo is a well-trained

and reliable canine.

18.     During three separate examinations, each of the three SUBJECT PARCELS

was placed in an area known not to have been previously contaminated by

a narcotic odor.  Trooper Silva had K-9 Charbo search this area.  Other

boxes were also placed in this area as controls.  Upon arriving at each

SUBJECT PARCEL, during each examination, K-9 Charbo reacted in a

positive manner, indicating the presence of a narcotic odor.   No further

indications were observed in the search area.  Based on my training and

experience, I know that a positive alert means that the contents of the parcel

was narcotics or had recently been in close proximity to narcotics.  FedEx

has relinquished custody and the SUBJECT PARCELS have remained in law

15

enforcement custody at a secure facility in Boston.

## IV.  CONCLUSION

19.    Based on these facts, I believe there is probable cause to believe that the

SUBJECT PARCELS #1, #2, and #3 contain controlled substances or

proceeds from the trafficking of controlled substances, constituting evidence

of violations of Title 21, United States Code, Sections 841(a)(1), Possession

with Intent to Distribute Controlled Substances, and Title 21, United States

Code, Section 846, conspiracy to do the same.

20.    I declare that the foregoing is true and correct, to the best of my knowledge

and belief.

_____

Richard Atwood, Special Agent

16

US Department of Homeland Security

Subscribed and sworn to before me this _____ day of September, 2013.

SEP - 6 2013

HONORABLE ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

17

## ATTACHMENT A

(Items to be searched for and seized)

Items, documents, records, files, and other information that constitutes evidence, fruits, and/or other instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, including but not limited to narcotics, money, records relating to narcotics and/or money, and/or records relating to the identity of the individual who shipped the package or the intended recipient of the package.



EXHIBIT 1

FedEx Express

NEW Package
US Airbill

Sender's FedEx
Account Number   8030 3562 8840

Express Package Service

0200

1 From   Date 8/14/13

Sender's
Name   Michael Jagger   Phone

Company

Address   430 Hyde St

City   S.F.   State CA   ZIP 94109

2 Your Internal Billing Reference

3 To
Recipient's
Name   Lynden Jaggoff7744S2 S030

Company

Address   630D Washington
APT 67

Address

City West Roxbury   State MA   ZIP 0213C

4 Express Package Service

5 Packaging

6 Special Handling and Delivery Signature Options

SATURDAY DELIVERY

7 Payment Bill to:

1735 - 7001 - 2

Total Declared Value

8030 3562 5840

© 2011 FedEx 153038 REV 7/11

tedex.com 1800.Go.FedEx 1800.463.3339

